UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARTHUR JEROME WILSON (#540407)

VERSUS                                          CIVIL ACTION

DARRELL VANNOY, ET AL                           NUMBER 14-388-SDD-SCR

**NOTICE**

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
 In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, February 5, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARTHUR JEROME WILSON (#540407)

VERSUS                                          CIVIL ACTION

DARRELL VANNOY, ET AL                           NUMBER 14-388-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion for Summary Judgment. Record document number 15. The motion is not opposed.

For the reasons which follow, the defendants' motion should be granted and the plaintiff's complaint should be dismissed.

**I. Background**

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Darrell Vannoy, Warden Bruce Coston, Warden James Stevens, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, and numerous other corrections officers. Plaintiff alleged various claims, including failure to acknowledge reports of rapes, refusal to recalculate his good time, and unsanitary housing.

Defendants[1] moved for summary judgment, relying on a statement

---

[1] The moving defendants are Warden Vannoy, Warden Coston, Warden Stevens, Secretary LeBlanc, Sgt. Norris Johnson, Sgt. Sean
(continued...)

of undisputed facts and the affidavit of Rhonda Z. Weldon.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c).

### B. Failure to Exhaust Administrative Remedies

Defendants argued that the plaintiff failed to exhaust available administrative remedies before filing suit regarding the

---

[1](...continued)
Feathers, Sgt. Tyrone Killborne, Sgt. Roy Hicks, Sgt. Carley Bissett and Sgt. Brant Stone.

The other defendants (Sgt. Abraham, Sgt. Anderson, Sgt. Bradford, Sgt. Brown, Sgt. Carnman, Sgt. Ellis, Sgt. Grime, Sgt. Knighten, Sgt. Oriellana, Sgt. Pitman, Sgt. Robinson, Sgt. Rogers, Sgt. W. Russel, Sgt. Scott, Sgt Shropshire, Sgt. Stone, Sgt, Turner, Sgt. S. Veal, Sgt. Winors, Sgt. A. Wyre and Capt. Robinson) were not served with a summons and the complaint and did not participate in the defendants' motion for summary judgment. Notice of non-service was sent to the plaintiff. Record document number 9. Plaintiff has taken no action to further identify these defendants so they can be served. The time allowed by Rule 4(m), Fed.R.Civ.P., to serve these defendants expired long ago.

For the same reason summary judgment should be granted for the moving defendants, it would also be proper for the unserved defendants had they been served and so moved. However, the court is not permitted to grant summary judgment based on failure to exhaust administrative remedies when that defense is not raised by the defendant.

claims raised in the complaint. Specifically, the defendants argued that the plaintiff failed to file any administrative grievance regarding the claims raised in the complaint.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90,

126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

Plaintiff has neither opposed the evidence offered in this matter nor submitted any fact showing that there is an issue for trial. It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment. *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

The summary judgment evidence supports a finding that the plaintiff failed to file any ARP regarding the events alleged in the complaint. Therefore, the plaintiff failed to exhaust available administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e(a).

### RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion for Summary Judgment be granted and the plaintiff's complaint be dismissed for failure to state a claim,

predicated on the plaintiff's failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.[2]

It is further recommended that the claims against the remaining, unserved defendants be dismissed pursuant to Rule 4(m).

Baton Rouge, Louisiana, February 5, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] *Underwood v. Wilson*, 151 F.3d at 296.